Honorable David L. Zerrer Prosecuting Attorney Monroe County Courthouse Paris, Missouri 65275
Dear Mr. Zerrer:
This letter is in response to your question asking:
 "Section 451.090 (2), RSMo 1969 reads in part:
 `Section 2. . . . Which consent shall be given at the time, in writing, stating the residence of the person giving such consent, signed and sworn to before an officer authorized to administer oaths.'
 "Question 1: Does `. . . . at the time, in writing, . . .' mean that the parental consent form be actually filled out and executed at the time of application in the Recorder's Office?
 "Question 2: Is a notary public an `officer authorized to administer oaths' contemplated by this section of the statute.
 "Question 3: If a Notary Public can acknowledge a parental consent, is it necessary for the consenting parent to appear before the Recorder"
Subsection 2 of Section 451.090, RSMo Supp. 1975, provides:
 "And no recorder shall issue a license authorizing the marriage of any male under the age of eighteen years or of any female under the age of eighteen years, except with the consent of his or her father, mother or guardian, which consent shall be given at the time, in writing, stating the residence of the person giving such consent, signed and sworn to before an officer authorized to administer oaths."
We note that under Section 59.150, RSMo, the recorder of deeds is authorized to administer oaths to any person in matters relating to the duties of his office.
Under Section 486.020, RSMo, notaries public are authorized to take and certify depositions and affidavits and administer oaths and affirmations.
We also note that other officers are authorized to administer oaths under Sections 492.010 and 492.020, RSMo.
It therefore appears to be doubtful that the legislature intended to require that consent be given only at the office of the recorder of deeds at the time the marriage license is applied for because if such was the legislative intent there would have been little, if any, reason why the legislature also provided that parental consent could be given and the oath be sworn to before an officer authorized to administer oaths. That is, it is clear the recorder himself can administer such oaths; and it seems highly unlikely that the legislature would have provided that other officers could administer such oaths if the oaths were to be made only at the office of the recorder of deeds.
We conclude that the provision in subsection 2 of Section451.090 which requires that consent shall be given at the time of the issuance of the license authorizing the marriage means only that consent must be given in writing and under oath before the issuance of the license. It does not require that the oath be given at the office of the recorder of deeds at the same time the license is issued.
Obviously, as we have noted, a notary public does have the authority to administer such an oath. Further, if a notary public does administer the oath, it is obviously not necessary that the consenting parent appear before the recorder.
Very truly yours,
 JOHN C. DANFORTH Attorney General